UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>    Petitioner,<br><br>    v.<br><br>TONYA ANDREWS, Facility Administrator of Golden State Annex Detention Facility, et al.,<br><br>    Respondents. | Case No. 1:25-cv-00333-JLT-HBK (HC)<br><br>ORDER REQUIRING RESPONSE TO PETITIONER'S ADMINISTRATIVE MOTION<br><br>(Doc. No. 4)<br><br>ORDER GRANTING IN PART PETITIONER'S APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE<br><br>(Doc. No. 5)<br><br>ORDER REQUIRING RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, SETTING BRIEFING SCHEDULE, AND DIRECTING SERVICE OF DOCUMENTS<br><br>(Doc. No. 1) |

Before the Court is Petitioner John Doe's counseled operative petition for writ of habeas corpus under 28 U.S.C. § 2241 docketed on March 19, 2025. (Doc. No. 1, "Petition"). On March 21, 2025, Petitioner filed an ex parte application for issuance of an order directing Respondents to show cause why the Petition should not be granted within 14 days. (Doc. No. 5). On the same day, Petitioner filed an administrative motion to proceed under pseudonym pursuant to Local Rule 233. (Doc. No. 4).

Petitioner is an immigration detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Golden State Annex in McFarland, California, challenging his prolonged detention without a bond hearing. (*See* Doc. No. 1). Specifically, Petitioner, an asylum seeker, claims he has been detained in immigration custody for over eight months without a bond hearing in violation of the due process clause of the Fifth Amendment. (*Id*. at 25). As relief, the Petition requests that Respondent be ordered to schedule a bond hearing before an immigration judge "unless they elect to release Petitioner," and issue a declaration that Plaintiff's detention without a bond hearing violates the due process clause of the Fifth Amendment. (*Id*. at 25-26).

The Court has conducted a preliminary review of the petition. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4,[1] a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). It is not clear from the face of the petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243.

Accordingly, it is hereby **ORDERED:**

1. No later than **five (5) days** from the date of entry of this Order, **Respondent** is **DIRECTED** to file an opposition or supporting statement regarding the motion to proceed under pseudonym (Doc. No. 4) pursuant to Local Rule 233(b).

2. Petitioner's Application for Issuance of Order to Show Cause (Doc. No. 5) is **GRANTED in part**.

3. No later than **twenty-one (21) days** from the date of entry of this Order, **Respondent** is **DIRECTED** to respond to the Petition and show cause why the petition should not be granted. A response may be one of the following:

    (A) An answer addressing the merits of the petition. This response, which may not exceed fifty (50) pages in length without the court's leave, must set forth the facts

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See* Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

1         and procedural history of the case and address each ground, allegation, and argument

2         raised in the petition. **Conclusory statements and summary arguments that**

3         **petitioner is not entitled to relief are not acceptable responses.**

4      (B) A motion to dismiss the petition. This limited response must include only

5         portions of the record necessary for the court to decide the bar to a merits review.

6   4. Respondent is **DIRECTED** to electronically file all documents necessary for

7      resolving the issues presented in the petition. *See* R. Governing Section 2254

8      Cases 5(c).

9   5. If Respondent files an answer to the petition, Petitioner may file a reply no

10     later than **thirty (30) days** of the date of service of Respondent's answer. The

11     reply must not exceed twenty (20) pages without the court's leave. If no reply

12     is filed within thirty (30) days, the petition and answer are deemed submitted.

13     The Court will not address new grounds raised in the reply. *See United States*

14     *v. Cox* 7 F.3d 1458, 1463 (9th Cir. 1993).

15   6. If Respondent moves to dismiss, Petitioner must file an opposition or

16     statement of non-opposition within **twenty-one (21) days** of the date of

17     service of Respondent's motion. Any reply to an opposition to the motion to

18     dismiss must be filed within **seven (7) days** after the opposition is served.

19   7. The Clerk of Court is directed to send an electronic copy of this Order and a

20     copy of the Petition and all exhibits on the Office of the United States

21     Attorney for the Eastern District of California, and to mail a copy of this order

22     to Petitioner.

23   8. All motions shall be submitted on the record and briefs filed without oral

24     argument unless otherwise ordered by the Court.

25

26 Dated:   March 27, 2025

27                                    HELENA M. BARCH-KUCHTA
                                       UNITED STATES MAGISTRATE JUDGE

28