|||
|---|---|
| JOHN DOE,<br><br>        Petitioner,<br><br>   v.<br><br>TONYA ANDREWS, Facility Administrator of Golden State Annex Detention Facility, et al.[1]<br><br>        Respondents. | Case No.  1:25-cv-00333-JLT-HBK (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED BY PSEUDONYM<br><br>(Doc. No.  4) |

Before the Court is Petitioner's Administrative Motion to Proceed under Pseudonym. (Doc. No. 4, "Motion").  Petitioner John Doe, an immigration detainee, is proceeding with counsel on his petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. No. 1, "Petition").  For the reasons set forth below, the Court grants the Motion.

////

////

---

[1] Respondent moves to dismiss all unlawfully named officials under § 2241.  (Doc. No. 8 at 1 n.1).  The proper respondent in habeas cases is the "warden of the facility where the prisoner is held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 430 (2004).  As recently held by the Ninth Circuit, in § 2241 cases filed by immigrant detainees, the proper respondent is the warden of the private detention facility. *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024).

1    "The normal presumption in litigation is that parties must use their real names. This
2    presumption is loosely related to the public's right to open courts, and the right of private
3    individuals to confront their accusers." *Doe v. Kamehameha Schools/Pauahi Bishop Estate*, 596
4    F.3d 1036, 1042 (9th Cir. 2010) (internal citations omitted); *see also* Fed. R. Civ. P. 10(a)
5    (complaint must include the name of all parties). However, in the Ninth Circuit "a party may
6    preserve his or her anonymity in judicial proceedings in special circumstances when the party's
7    need for anonymity outweighs prejudice to the opposing party and the public's interest in
8    knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068
9    (9th Cir. 2000). In determining the need for anonymity, the Court evaluates the following factors:
10   1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3)
11   the anonymous party's vulnerability to such retaliation; (4) the precise prejudice at each stage of
12   the proceedings to the opposing party and whether proceedings may be structured so as to
13   mitigate that prejudice; and (5) whether the public's interest in the case would be best served by
14   requiring that the litigant reveals his or her identity. *Id*. at 1068-69.

15   Petitioner argues he has a reasonable fear of suffering harm if his identity is disclosed
16   because "his persecutors will potentially be able to find and harm him in the United States, as
17   well as family members that he has in Belize," and his privacy interest outweighs competing
18   interests as there is no prejudice to Respondents or harm to public interest. (Doc. No. 4 at 4-5).
19   With regard to Respondent's interests, Petitioner notes that counsel has already disclosed
20   Petitioner's full name and Alien Registration number to Respondents. (*Id*. at 5). Respondent
21   argues Petitioner has not met his burden to show the need for anonymity because he is at risk of
22   retaliatory harm in United States civil custody, he has a "unique personal privacy concern rising
23   to a sensitive and grave nature," or there is risk of criminal liability. (Doc. No. 8 at 3 (citing *Does*
24   *I thru XXIII*, 214 F.3d at 1068)). In addition, Respondent argues Petitioner has offered no
25   evidence of threatened harm in the United States or Belize, and no evidence of any unique
26   vulnerability. *See id*.
27   ////
28   ////

Significant in this case, as noted by Petitioner, courts regularly grant leave to proceed under a pseudonym in cases related to asylum proceedings. (Doc. No. 4 at 4); *See, e.g.*, *Doe v. U.S. Citizenship & Immigr. Servs.*, 2021 WL 1907562, at *4 (E.D. Cal. May 12, 2021) (citing *Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *8 (S.D. Cal. Dec. 20, 2017)); *A.B.T. v. U.S. Citizenship & Immigr. Servs.*, 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012) ("Asylum seekers have the right to keep confidential any information contained in or pertaining to an asylum application that allows a third party to link" their identities to, among other things, facts giving "rise to a reasonable inference that the applicant has applied for asylum."); *Doe v. Bernacke*, 2023 WL 6311458, at *2 (D. Nev. Sept. 27, 2023) (granting leave to proceed under pseudonym and noting "the Court is cognizant of policies that generally protect the confidentiality of information related to asylum applications"); *see also* 8 C.F.R. § 208.6 (regarding disclosure of information related to asylum applications). Moreover, Respondent does not identify any prejudice should Petitioner be permitted to proceed anonymously at this stage of proceedings because they have been informed of Petitioner's identity. *See Al Otro Lado, Inc.*, 2017 WL 6541446, at *6 (finding no prejudice from use of pseudonyms because defendants knew the identity of plaintiffs and thus had the "information they need to defend against the claims").

While the Court remains mindful of public's interest in knowing the identity of the litigants, after reviewing the record and considering the severity of potential harm, the reasonableness of Petitioners fears, and Plaintiff's vulnerability to retaliation as pled in the Petition, as well as the potential prejudice to Respondents and the public's interest, the Court concludes that Plaintiff's need for anonymity outweighs any competing interests at this early stage of the proceedings. The Court also notes that Respondent may challenge the use of a pseudonym, if warranted, at a later stage. *See Does I thru XXIII*, 214 F.3d at 1069 ("We recognize that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses."); *Al Otro Lado, Inc.*, 2017 WL 6541446, at *8 (noting that defendants may challenge party anonymity "at a later stage of the proceedings").

////

Accordingly, it is hereby **ORDERED:**

Petitioner's Administrative Motion to Proceed under Pseudonym (Doc. No. 4) is GRANTED.

Dated: May 28, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4