1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN DOE,                               Case No.   1:25-cv-00333-JLT-HBK (HC)

12                 Petitioner,                ORDER DIRECTING SUPPLEMENTAL
                                              BRIEFING
13        v.

14   TONYA ANDREWS, Facility
     Administrator of Golden State Annex
15   Detention Facility, et al.,

16                 Respondents.

17

18

19        Petitioner John Doe ("Petitioner") is an immigration detainee proceeding with counsel on

20   his petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. No. 1, "Petition").  The

21   Petition raises the following claim for relief: Petitioner's continued detention in ICE custody

22   without a bond hearing violates his Fifth Amendment due process rights.  (Doc. No. 1 at 17-25).

23   Specifically, Petitioner argues that after applying the balancing test in *Mathews v. Eldridge,*[1]

24   Petitioner is constitutionally entitled to a bond hearing.  (*Id.* at 18-23).  In response, Respondent

25   filed a Motion to Dismiss ("Motion") arguing that Petitioner's detention is mandatory pursuant to

26   8 U.S.C. § 1225(b)(1)(B)(ii), and his "mandatory detention continues to serve legitimate

27   congressionally mandated goals, and his detention has a finite end."  (Doc. No. 10 (relying in

28   _____
     [1] *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

1    large part on *Demore v. Kim*, 538 U.S. 510 (2003)).  Respondent contends this Court should

2    "follow its own precedent rejecting utilization of a multi-factor balancing (*Mathews*) test to assess

3    so-called as-applied due process violation claims."  (*Id*. at 5 (citing *Keo v. Warden of the Mesa*

4    *Verde Ice Processing Center*, 2025 WL 1029392 (E.D. Cal. Apr. 7, 2025)).

5         In opposition, Petitioner argues that the Court should decline to apply *Keo* because (1)

6    here Petitioner is detained under 8 U.S.C. § 1225(b)(1)(B)(ii) following a finding by an asylum

7    officer that he had a credible fear of persecution in contrast to petitioner Keo who was held under

8    8 U.S.C. § 1226(c) as an aggravated crime of violence felony offender; and (2) the Court's

9    holding in *Keo* "ignored" "existing Ninth Circuit law holding that prolonged detention raises

10   grave due process concerns."  (Doc. No. 12 at 8-12).  Petitioner additionally restates his argument

11   advanced in the Petition that courts in this District "routinely" apply the multi-factor test in

12   *Mathews v. Eldridge*, and that after applying that test in this case Petitioner's continued detention

13   without a bond hearing violates his procedural due process rights under the Fifth Amendment.

14   (*Id*. at 13-20).

15        After reviewing the parties' briefing and cited case law, the Court is inclined to agree that

16   its analysis in *Keo* applies specifically to a petitioner detained under 8 U.S.C. § 1226(c), which is

17   not directly applicable where since Petitioner is detained under 8 U.S.C. § 1225(b)(1)(B)(ii).

18   Regardless of whether other courts in this District apply *Mathews v. Eldridge* to determine

19   whether a petitioner detained under 8 U.S.C. § 1225(b)(1)(B)(ii) is entitled to bond hearing,

20   Petitioner does not, and cannot, cite Ninth Circuit or Supreme Court precedent directing this

21   Court to employ *Mathews v. Eldridge* or any other type of multi-factor balancing test to

22   determine whether continued detention under 8 U.S.C. § 1225(b)(1)(B)(ii) without a bond hearing

23   violates Petitioner's due process rights.

24        Moreover, upon further review of the parties' briefing and relevant case law, the Court

25   notes that neither party addresses Supreme Court precedent regarding constitutional challenges

26   made by "applicants for admission" who may be detained under the two subsections of 8 U.S.C. §

27   1225(b), and particularly as to whether Petitioner's due process as a detainee under 8 U.S.C. §

28   1225(b)(1)(B)(ii) extends beyond the rights provided by statute.  *See, e.g., Shaughnessy v. United*

2

*States ex rel. Mezei,* 345 U.S. 206, 208 (1953) ("aliens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law.  But an alien on the threshold of entry stands on a different footing; 'Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.'") (quoting *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950) (internal citations omitted); *Dept. of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020) (finding noncitizen "applicant for admission" detained "shortly after unlawful entry" lacked a due process right to judicial review of a negative credible-fear determination, and "an alien in respondent's position has only those rights regarding admission that Congress has provided by statute); *Cf. Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (finding noncitizens subject to a final order of removal could not be detained under § 1231(a)(6) indefinitely while the Government attempted to effectuate their removal, but noting a "critical distinction between *Mezei* and the present cases": Mezei was refused admission after seeking to enter the country, while *Zadvydas* involved resident aliens and "once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether there presence here is lawful, unlawful, temporary, or permanent."); *Demore*, 538 U.S. 510 (rejecting a facial due process challenge by a "lawful permanent resident alien" to mandatory detention under 8 U.S.C. § 1226(c), and distinguishing *Zadvydas* because mandatory detention under 8 U.S.C. § 1226(c) has a "definite termination point" when a decision is made regarding the alien's removability).

The Court finds supplemental briefing on this issue would be of assistance to the Court in resolving Petitioner's claim.

Accordingly, it is ORDERED:

1. Within **fourteen (14) days** from the date of this Order, Petitioner shall submit supplemental briefing specifically addressing Petitioner's claim that his continued detention **under 8 U.S.C. § 1225(b)(1)(B)(ii)** without a bond hearing violates his right to due process, with particular attention as to whether his due process rights as an "applicant for admission" extend beyond the rights provided by statute.

2. Respondent shall file a response to Petitioner's supplemental brief within **fourteen (14) days** after receipt of Petitioner's supplemental brief.

Dated:    June 11, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4